UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DIVISION 1181, AMALGAMATED TRANSIT
UNION – NEW YORK EMPLOYEES PENSION
FUND and its BOARD OF TRUSTEES,

                       Plaintiffs,                    13-cv-9112 (PKC)

    -against-                    MEMORANDUM
                                                    AND ORDER

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                       Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant New York City Department of Education (the "DOE") moves for an award of attorneys' fees pursuant to 29 U.S.C. §§ 1132(g)(1) and 1451(e). (Docket # 147.) The DOE's outside counsel, Morgan, Lewis & Bockius LLP, states that the DOE has incurred more than $2.9 million in attorneys' fees in connection with this case. (Hill Dec. ¶ 5.)

        For the reasons that will be explained, the DOE's motion is denied.

BACKGROUND.

        In 2013, plaintiffs Division 1181, Amalgamated Transit Union - New York Employees Pension Fund and its board of trustees (collectively, the "Fund") commenced this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). This Court granted the DOE's motion to dismiss four of the five claims brought by the Fund, pursuant to Rule 12(b)(6), Fed. R. Civ. P. Div. 1181 Amalgamated Transit Union - New York Employees Pension Fund v. New York City Dep't of Educ., 2014 WL 4370724

(S.D.N.Y. Aug. 27, 2014), reconsideration granted in part, 2014 WL 6647368 (S.D.N.Y. Nov. 24, 2014).

The remaining claim asserted that eleven non-party bus companies were alter egos of the DOE. Those bus companies had historically contracted with the DOE to provide student transportation. The Fund urged that the DOE had withdrawal liability under ERISA for more than $100 million in payments owed to the Fund by those non-party bus companies. The parties took extensive discovery as to whether the bus companies were alter egos of the DOE. After the close of discovery, the Court granted summary judgment in the DOE's favor on the final remaining claim, and concluded that no reasonable trier of fact could find that the non-party bus companies were alter egos of the DOE. Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund v. New York City Dep't of Educ., 2017 WL 3738741 (S.D.N.Y. Aug. 30, 2017).

The Clerk entered judgment in favor of the DOE on August 31, 2017. (Docket # 138.) The DOE thereafter filed this motion for attorneys' fees. (Docket # 147.) The Fund has filed a notice of appeal, but this Court retains ancillary jurisdiction to decide the DOE's application for attorneys' fees. Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees.").

THE LAW GOVERNING ATTORNEYS' FEES UNDER ERISA.

Two provisions of ERISA allow for a discretionary award of attorneys' fees. Section 502(g) of ERISA states that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Section 502(g) "expressly grants" discretion to district courts to award attorneys' fees to either party. Hardt v. Reliance

Standard Life Ins. Co., 560 U.S. 242, 252 (2010). Section 4301(e) of ERISA, which was adopted as part of the Multiemployer Pension Plan Amendments Act of 1980, similarly states that "[i]n any action under this section, the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." 29 U.S.C. § 1451(e).

After the Supreme Court's decision in Hardt, "whether a [party] has obtained some degree of success on the merits is the sole factor that a court must consider in exercising its discretion." Donachie v. Liberty Life Assur. Co. of Boston, 745 F.3d 41, 46 (2d Cir. 2014) (emphasis in original). A court may, in its discretion, consider five additional factors in deciding whether the prevailing party should be awarded attorneys' fees. Id. Those factors are:

> (1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Id. (quoting Hardt, 560 U.S. at 249 n. 1); see also Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871 (2d Cir. 1987) (establishing the five-factor test). "A court cannot selectively consider some factors while ignoring others." Donachie, 745 F.3d at 47. A party's degree of culpability and the relative merits of its arguments "weigh heavily" in the analysis, although the two factors are not dispositive. Id. The factors "will often balance against an employer seeking fees . . . ." Anita Found., Inc. v. ILGWU Nat'l Ret. Fund, 902 F.2d 185, 189 (2d Cir. 1990).

Although fees may be awarded to either party, "[i]t is well-established that Congress intended the fee provisions of ERISA to encourage beneficiaries to enforce their

statutory rights." Donachie, 745 F.3d at 45-46 (quotation marks omitted); accord Slupinski v. First Unum Life Ins. Co., 554 F.3d 38, 47 (2d Cir. 2009) (the "fee provisions must be liberally construed to protect the statutory purpose of vindicating employee benefits rights . . . .") (quotation marks omitted).

THE DOE'S FEE APPLICATION IS DENIED.

    A.   The DOE Has Obtained a Degree of Success on the Merits.

The DOE has obtained a degree of success on the merits, and therefore has satisfied the mandatory factor that must be considered under Hardt and Donachie. As noted, the DOE successfully moved to dismiss four of five claims at the pleading stage. On summary judgment, the parties exhaustively briefed the remaining issue of whether there was evidence sufficient for a reasonable trier of fact to conclude that the eleven non-party bus companies were alter egos of the DOE. The Court granted the DOE's motion for summary judgment, and the Clerk entered judgment for the DOE.

The Court therefore concludes that the DOE "has obtained some degree of success on the merits," as required for a party seeking attorneys' fees under section 502(g). Donachie, 745 F.3d at 46.

    B.   The DOE Has Not Made a Showing that the Fund Acted with Culpability or Bad Faith.

The Court next considers the five additional, discretionary factors that may be weighed on an application for attorneys' fees. See, e.g., Toussaint v. JJ Weiser, Inc., 648 F.3d 108, 110 (2d Cir. 2011) ("A Court may apply – but is not required to apply – the [five] factors in channeling its discretion when awarding fees under § 1132(g)(1).") (per curiam) (quotation marks omitted). The Second Circuit has observed that Hardt did not alter the "observation that 'the five factors very frequently suggest that attorneys' fees should not be charged against

ERISA plaintiffs.'" Id. at 111 (quoting Salovaara v. Eckert, 222 F.3d 19, 28 (2d Cir. 2000)). "This 'favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith.'" Toussaint, 648 F.3d at 11 (quoting Salovaara, 222 F.3d at 28).

The first factor considers "the degree of opposing parties' culpability or bad faith . . . ." Donachie, 745 F.3d at 46. Culpability and bad faith are different concepts. Scarangella v. Grp. Health, Inc., 2016 WL 825530, at *4 (S.D.N.Y. Feb. 11, 2016) (Sullivan, J.) (collecting cases). Bad faith encompasses conduct that reflects malice, like offering deliberately false testimony or advancing frivolous and improper arguments. Id. Culpability does not require malice, and instead considers conduct that is "blameable" or "at fault," such as the denial of a meritorious benefits application. See generally Slupinski, 554 F.3d at 48. A party is not acting in bad faith or with culpability merely because it has pursued an unsuccessful legal theory. Salovaara, 222 F.3d at 29-30. "[C]ourts have found that the 'culpability' of a losing plaintiff 'significantly differs' from that of a losing defendant: 'A losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate. A losing plaintiff, on the other hand, will not necessarily be found 'culpable,' but may be only in error or unable to prove his case.'" Id. at 28 (quoting Marquardt v. N. Am. Car Corp., 652 F.2d 715, 720 (2d Cir. 1981)).

The DOE has not demonstrated that the Fund acted with culpability or bad faith. Although the Fund's theory of alter-ego based withdrawal liability did not survive summary judgment, the claim survived the DOE's Rule 12(b)(6) motion. The claim was potentially meritorious, and the parties undertook thorough discovery into the DOE's relationship with each of non-party bus company. The DOE has not demonstrated that the Fund acted in bad faith, and

the fact that the DOE prevailed on its summary judgment motion does not show culpability on the part of the Fund.

The absence of bad faith or culpability on the part of the Fund weighs heavily against the DOE's fees application.

###### C. The Fund's Ability to Pay Weighs against the Fees Application.

The second discretionary factor looks to the Fund's ability to satisfy a fees award. The Fund is a multiemployer pension plan that asserts it is owed more than $100 million in withdrawal liability based on the non-party bus companies' alleged failure to make required contributions. An award of attorneys' fees would be to the detriment of the Fund's participants, and would direct resources away from participants' benefits. The DOE acknowledges that it is unable to assess the Fund's ability to pay a fees award, and suggests that limited discovery would be appropriate to resolve this question. (Def. Mem. at 19.)

Given that ERISA must be construed to protect the rights of employee benefits, Slupinski, 554 F.3d at 47, and that any fees award would be detrimental to the Fund's beneficiaries and participants, this factor weighs against the DOE's fees application.

###### D. A Fees Award Would Not Enhance Deterrence.

The third discretionary factor weighs whether a fees award would deter other persons from acting under similar circumstances. A fees award may encourage parties to avoid needless litigation, and may be granted to deter unreasonable conduct that does not rise to the level of egregiousness. See Scarangella, 2016 WL 825530, at *5 (collecting cases).

The Court concludes that deterrence would not be enhanced by a fees award to the DOE. The Fund's litigation of this action, though unsuccessful, was neither needless nor unreasonable. Discovery was extensive due to the fact-intensive question of whether certain

entities functioned as alter egos of the DOE. The Fund was entitled to pursue its claim through discovery and summary judgment. Moreover, it would be contrary to the purposes of ERISA to deter trustees from pursuing an action that has a good-faith basis. Salovaara, 222 F.3d at 31 ("where, as in this case, an ERISA plaintiff has pursued a colorable (albeit unsuccessful) claim, the third Chambless factor likely is not merely neutral, but weighs strongly against granting fees to the prevailing defendant. Awarding fees in such a case would likely deter beneficiaries and trustees from bringing suits in good faith for fear that they would be saddled with their adversary's fees in addition to their own in the event that they failed to prevail; this, in turn, would undermine ERISA's essential remedial purpose of protecting beneficiaries of pension plans.").

The third discretionary factor weighs against the DOE's fees application.

E.  A Fees Award Would Not Be in the Interest of Plan Beneficiaries.

The fourth discretionary factor weighs whether a fees award would benefit the participants or beneficiaries of an ERISA plan, or resolve a significant legal issue regarding ERISA. This factor is generally considered to be inapplicable or neutral when an ERISA defendant brings a fees application. Mahoney v. J.J. Weiser & Co., 646 F. Supp. 2d 582, 594 (S.D.N.Y. 2009) (Marrero, J.) (collecting cases). However, the Second Circuit has suggested in a summary order that the absence of benefits to a fund may weigh against an awards application. Frosco v. Pyramid Companies III, 2 Fed. App'x 121, 125 (2d Cir. 2001) ("The lack of a common benefit is a reason to deny fees, not a reason to award them.") (summary order).

Because a fees award would not benefit plan beneficiaries, and would result in a loss to them, this factor does not weigh in favor of a fees award.

F. The Relative Merits of the Parties' Position Does Not Weigh in Favor of the Fees Application.

The fifth discretionary factor weighs the relative merits of the parties' positions. As noted, the Court concluded at summary judgment that no reasonable trier of fact could find that the eleven non-party bus companies were an alter ego of the DOE. In <u>Toussaint</u>, the Second Circuit quoted with approval the district court's reasoning that the relative merits of the parties' positions should be weighed alongside the consideration of any culpability or bad faith that the plaintiffs had in pursuing their claims. 648 F.3d at 110; accord <u>Slupinski</u>, 554 F.3d at 48 ("The degree-of-culpability and relative-merits factors are closely related. Indeed, we have found it useful in some circumstances to consider them together . . . .") <u>Dist. Photo Inc. Health Care Plan v. Pyrros</u>, 2017 WL 2334027, at *6 (E.D.N.Y. May 30, 2017) ("the relative merits of the parties' positions do not favor an award of fees because, as discussed above, plaintiff's arguments were not unreasonable even though the Court ultimately agreed with defendants.") (Bianco, J.). Given that there was no evidence of culpability or bad faith, the relative merits of the parties' respective positions does not tip the discretionary analysis in the DOE's favor.

For the reasons discussed, the relative merits of the parties' positions does not weigh in favor of the DOE's fees application, even though the DOE prevailed at summary judgment. The DOE has not demonstrated that the Fund's claim was advanced in bad faith or based in culpable conduct.

G. The DOE's Fees Application Is Denied

The DOE has satisfied the mandatory factor of obtaining a degree of success on the merits, as required by <u>Hardt</u> and <u>Donachie</u>. However, in light of the DOE's position as a defendant seeking a fees award and the facts of this case, the five discretionary factors weigh heavily against its fees application. The DOE has not shown bad faith or culpability on the part

of the Fund, and any fees paid to the DOE would be to the detriment of the Fund's participants and beneficiaries. Absent bad faith, culpability, or some other circumstance warranting a fees award, granting the DOE's motion would be counter to ERISA's purpose of protecting plan beneficiaries and participants, and have a potential chilling effect on trustees' duties to enforce a plan's terms. See Toussaint, 648 F.3d at 11.

CONCLUSION.

The DOE's motion for an award of attorneys' fees is DENIED. The Clerk is directed to terminate the motion. (Docket # 147.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
October 2, 2018